## PROCEDURE ON A COUNTER-CLAIM.

Circuit Court of Cuyahoga County.

ALFRED G. THOMPSON v. EDWIN TREAT.

Decided, May 27, 1907.

*Actions—Counter-Claims—Defendant May Maintain Independent Action on Subject for Counter-Claim.*

Where a defendant has a counter-claim against the plaintiff, he is not obliged to set it up in that action as a defense, but may institute an independent action upon it.

*Farquharson & Huggett* and *Foster & Foster*, for plaintiff in error.

*J. A. Fogle* and *J. C. Heald*, contra.

MARVIN, J.; HENRY, J., concurs.

Suit was brought in the court of common pleas by Thompson against Treat, setting out that the plaintiff had employed the defendant as his agent to negotiate the sale of a farm owned by the plaintiff in Summit county; that the defendant acting as such agent represented to the plaintiff that he could exchange said farm for a certain residence property in the city of Cleveland, and could obtain for the farm, which the plaintiff says he had authorized the defendant to sell for the sum of $10,000, in addition to such residence property, the sum of $5,000 in money. The plaintiff says that he authorized the defendant to make such exchange, providing some good judge of the value of the residence property, residing in the vicinity, would pronounce it worth $5,000; that the defendant reported to the plaintiff that a man residing in the vicinity of the residence propery, and well qualified to know its value, pronounced it to be worth $5,000, by reason of which the plaintiff was induced to convey his farm to the owner of the residence property and accept in payment said residence property and said sum of $5,000. Plaintiff says, as a matter of fact, the representation made by the defendant that a person residing in the vicinity of the property and competent to judge of its value had pronounced it to be worth $5,000, was not true, nor had any such person been called upon to fix any value upon this residence property, and that as a matter of fact the residence property was worth not more than $3,500, and so he says that he was damaged in the sum of $1,500 by the wrongful conduct of the defendant and he prays to recover judgment for that amount.

To this petition the defendant answered, admitting that he had acted as agent for the plaintiff in the sale of his farm and that through his agency the exchange of properties; that is, the farm and residence property and the money consideration of $5,000 was made; he denies all other allegations in the petition.

For the second defense he says that he (the defendant in

this action) brought a suit against the plaintiff for money, an that one of the items claimed in that suit by him was commissions for the sale of this farm; that he recovered a judgment against the plaintiff in that action, and so he says plaintiff is barred from prosecuting this action, because the validity of the claim made by the plaintiff here was involved in the action brought by this defendant against the plaintiff.

To this answer the plaintiff replied, denying that the matter involved in this action was litigated in the former action.

On this state of the pleadings the court of common pleas, on motion of the defendant, entered judgment in his favor on the pleadings, and to reverse that judgment this proceeding in error is brought.

On the part of the plaintiff in error it is urged that whether the matters involved in this action were in fact litigated in the former action, they could have been there litigated, and that being so the defendant in that action, if he had any claim against the defendant in this action growing out of this transaction, was bound to have pleaded it.

On the part of the defendant in error it is admitted that this would be true, but for the fact that the claim set out in the present action constitutes a counter-claim against the plaintiff in the former action, and that the rule which requires a defendant to set up all the defenses which he has to a claim made in an action against him does not apply where such defense consists of a counter-claim. That the claim set out in this action would have been a counter-claim to that set up in the former action seems clear, from the definition of a counter-claim, as given in Section 5069 of the Revised Statutes, which reads:

"A counter-claim is a cause of action, existing in favor of a defendant, and against a plaintiff, or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

Surely the claim set up in this action grows out of the same transaction and is connected with this same subject-matter as

that involved in the original action, and it remains, therefore, only to consider whether, where a defendant has a counter-claim against the plaintiff, he is bound to set it up as a defense, when suit is brought against him by the party against whom he has such counter-claim.

This seems to be settled in this state in *Witte* v. *Lockwood,* 39 Ohio St., 141, the first clause of the syllabus reading:

"The general rule is that a defendant is bound to set up every defense, legal or equitable or both, which he may have to the action, and waives those not pleaded, but where the facts claimed to afford a defense are sufficient to constitute a counter-claim, there is an exception to such general rule."

This proposition is sustained by the case of *Bridge Company* v. *Sargent,* 27 Ohio St., 233, and by *Swanson* v. *Cresop,* 28 Ohio St., 68.

That this was the intention of the statute seems plain from the provisions of Section 5089, Revised Statutes, which reads:

"The court, at any time before the final submission of the cause, may, on motion of the defendant, allow a counter-claim or set-off to be withdrawn and the same may become the subject-matter of another action; and on motion of either party, to be made at the time such counter-claim or set-off is withdrawn, an action on the same shall be docketed and proceeded in without process, and the court shall direct the time and manner of pleading therein; and if an action be not so docketed, suit may be brought as in other cases."

We reach the conclusion, therefore, that the court of common pleas erred in rendering judgment for the defendant upon the pleadings, and for this error the judgment is reversed and the cause remanded.